**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN ZHIPAI NETWORK TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 1:26-cv-07833<br><br>Judge Thomas M. Durkin |

**NON-PARTY AMAZON.COM, INC.'S MOTION FOR TEMPORARY STAY OF ENFORCEMENT OF TRANSFER ORDER**

Non-party Amazon.com, Inc. ("Amazon"), by and through its undersigned counsel, respectfully requests a temporary stay of the provisions of the Court's Orders Authorizing Deductions and Remittance of Settlement Funds from E-Commerce Platform dated July 28, 2026 [Dkt. No. 13], August 7, 2026 [Dkt. No. 22], and August 17, 2026 [Dkt. No. 25] directing Amazon to transfer funds from the accounts of certain Defendants to Plaintiff (the "Transfer Orders"), pending Amazon's ongoing investigation into whether the circumstances surrounding the Transfer Orders in this case warrant additional scrutiny in light of suspicious activity and potential collusion in similar Schedule A litigation matters. In support hereof, Amazon states:

1. This is a "Schedule A" case in which the Plaintiff has alleged that the Defendants are engaged in selling counterfeit goods on e-commerce platform marketplaces, including Amazon.com. Amazon recently identified a number of concerning patterns in some Schedule A cases that suggest that certain plaintiffs and defendants in Schedule A cases may be colluding with one another to obtain transfer orders in order to extricate funds from an Amazon marketplace

account that had *already been frozen* by Amazon for independent enforcement reasons unrelated to the claims asserted in the Schedule A case that gave rise to the transfer order. In other words, Amazon has reason to believe that some Amazon merchants, or entities or individuals acting on their behalf, are using Schedule A litigation and the transfer orders that result therefrom to cause funds to be paid to themselves in order to circumvent other enforcement actions that have already caused those same funds in the defendants' merchant accounts to be frozen.

2. Amazon recently filed an *ex parte* and *in camera* motion to stay enforcement of an order directing Amazon to release funds (the "Motion to Stay Enforcement") in *NextClimb Investments, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 1:26-cv-05593 (N.D. Ill.), which is currently pending before Judge Matthew F. Kennelly. A copy of the publicly available Motion to Stay Enforcement in that case is attached here as **Exhibit A**.

3. The circumstances presented in *NextClimb* include seller funds that Amazon had frozen for independent enforcement reasons before suit was filed, apparent discrepancies between certain defendants' products and the plaintiff's asserted trademark rights, and unusual patterns in the representation and settlement of numerous defendants. Ex. A.

4. The Motion to Stay contains additional information concerning Amazon's investigation that is redacted in the publicly available version attached hereto but were presented to Judge Kennelly *ex parte* and *in camera*. Judge Kennelly has ordered Amazon to file that information publicly on October 6, 2026 and has ordered the plaintiff and defendants involved in obtaining the transfer order in that case to respond to the Motion to Stay on or before October 20, 2026. The Court will then conduct a hearing on October 28, 2026.

5. In this case, the Court entered the Transfer Orders on July 28, 2026 [Dkt. No. 13], August 7, 2026 [Dkt. No. 22], and August 17, 2026 [Dkt. No. 25] requiring Amazon to transfer to the Plaintiff certain funds identified therein that were deducted from Defendants' Amazon seller accounts.

6. Amazon's discovery of the information giving rise to the Motion to Stay in the *NextClimb Investments* case warrants further review of the numerous pending court-ordered transfers that Amazon has been served with in Schedule A litigation, including those in this case. Amazon is conducting a broader review to determine the scope of the activity and the cases and seller accounts potentially affected. That review includes the parties and/or counsel and the Transfer Orders in this action.

7. Rather than ask this Court to consider substantially overlapping investigative information *ex parte* shortly before that information becomes public and before the parties' response to the Motion to Stay in the *NextClimb Investments* case, Amazon respectfully submits that the more efficient course is to preserve the *status quo* by permitting Amazon to continue to hold the funds that are the subject of the Transfer Orders until after a ruling on the Motion to Stay in the *NextClimb Investments* matter.

8. The brief stay of enforcement will allow Amazon to further investigate the specific circumstances of the Transfer Orders in this case while the *NextClimb Investments* motion is resolved. Following Judge Kennelly's ruling, Amazon can determine whether the circumstances warrant a substantive motion in this action or whether the transfer should proceed.

9. The requested stay is intended only to preserve the funds while that process occurs. Amazon is not asking the Court at this time to determine whether the concerns identified in its broader review are present in this action. Nor does Amazon seek to disturb any other portion of

the Court's Transfer Orders. Amazon requests only that the already-frozen funds remain in their current accounts pending Amazon's further investigation, and if necessary, the Court's consideration of any subsequent motion by Amazon.

10. The Court has the inherent power to temporarily stay enforcement of the Transfer Orders and preserve the status quo pending Judge Kennelly's ruling in *NextClimb*. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). That power does not require that the parties or issues in the two proceedings be identical. *Id.;* see also *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) (describing a court's inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

11. Once the funds that are the subject of the Transfer Orders are paid, the funds may be difficult or impossible to recover, particularly if they are thereafter transferred to third parties or outside the United States. Permitting a brief temporary stay and allowing Amazon to continue holding the frozen funds will preserve the *status quo*. On the other hand, requiring Amazon to pay the funds to Plaintiff would likely permanently alter it.

12. On September 30, 2026, Amazon began filing motions substantially similar to this one in various cases throughout the Northern District of Illinois in which Amazon had been ordered to pay funds to Schedule A plaintiffs or their counsel. Seemingly in reaction to that, some Schedule A Plaintiffs – including the one in this case – have filed notices of voluntary dismissal and have indicated that their judgment has already been fully satisfied, even though Amazon has not remitted the funds to the plaintiffs or their counsel as called for in the transfer orders in those cases. The Plaintiff in this case also communicated directly to Amazon that "Plaintiff no longer requests

enforcement of the Court's previous Orders [referencing the Transfer Orders]," that Amazon should "discontinue any pending enforcement actions under these Orders," and that "Plaintiff unconditionally and irrevocably waives further payment from Amazon under [the Transfer Orders] and will not seek their enforcement against Amazon."

13. Counsel for Amazon has conferred with Plaintiff's counsel before bringing this motion. Plaintiff's counsel indicated that Plaintiff's position is that Amazon's motion is moot, in light of Plaintiff's voluntary dismissal, notice of full satisfaction, and directions that Amazon cease transferring funds to Plaintiff.

14. The notice of full satisfaction of the judgments, voluntary dismissal, and communications to Amazon, however, seem to substantiate Amazon's concerns about the circumstances in this and other Schedule A cases. One of the premises of Schedule A litigation is that an *ex parte* TRO is necessary to capture the defendants' funds before they are even aware of the litigation because if the claimed counterfeiters, who are typically alleged to be overseas and thus able to evade the Court's orders, were aware that they were being sued, the defendants would abscond with the funds in their e-commerce accounts, which the plaintiffs allege are the fruits of their illegal counterfeiting. In light of that, the suggestion that the plaintiff has suddenly fully collected its judgments from those same defendants *without* Amazon remitting the funds is consistent with Amazon's suspicions and raises even more concerns that certain Schedule A litigants are using the courts as an instrumentality to circumvent Amazon's prior enforcement actions.

WHEREFORE, Amazon respectfully requests that the Court temporarily stay enforcement of that portion of the Court's Orders Authorizing Deductions and Remittance of Settlement Funds from E-Commerce Platform dated July 28, 2026 [Dkt. No. 13], August 7, 2026 [Dkt. No. 22], and August 17, 2026 [Dkt. No. 25] directing Amazon to transfer seller funds to Plaintiff pending resolution of Amazon's Motion to Stay in the *NextClimb Investments* case and setting a status date after the October 28, 2026 hearing in *NextClimb Investments* for Amazon to further advise the Court regarding whether it intends to file a similar motion in this case.

Dated: October 5, 2026

Respectfully submitted,

By: /s/ *Matthew R. Barrett*

**KILPATRICK TOWNSEND & STOCKTON LLP**
Thomas L. Holt
Jeremy Buxbaum
Matthew R. Barrett
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
Telephone: (312) 606-3204
Telephone: (312) 268-1705
Email: tholt@ktslaw.com
Email: jbuxbaum@ktslaw.com
Email: mbarrett@ktslaw.com

*Attorneys for Third-Party Amazon.com, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: */s/ Matthew R. Barrett*
Matthew R. Barrett